IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VINCENT HOPSON,<br><br>Defendant. | Case No. 3:24-CR-005 |

## STATEMENT OF FACTS

The United States and the defendant, VINCENT HOPSON (hereinafter, "HOPSON"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about September 20, 2021, in the Eastern District of Virginia, and within the jurisdiction of this Court, the defendant, VINCENT HOPSON, knowingly received child pornography, as defined in 18 U.S.C. § 2256(8), to wit: one or more digital files contained on a Western Digital My Passport Hard Drive, serial number WX21D57NE0XX, that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that had been shipped and transported using any means and facility of interstate and foreign commerce.

2. In June 2021, agents with the Federal Bureau of Investigation ("FBI") used law enforcement software to identify an IP address that appeared to be engaged in seeking out images and videos of child pornography on an Internet-based, peer-to-peer (P2P) network. The P2P network allows users to anonymously share files, chat on message boards, and access websites within the network. The specific P2P network that was used was a sophisticated file-sharing system that attempts to hide which computer uploaded a file into or downloaded a file from the

network. It works by allowing its users to seek out portions of video or image files from other users on the P2P network by requesting specific encrypted file pieces, such that the recipient user does not receive the entirety of the video or image file in question in a single download from a single distributor.

3. On this particular P2P network, a user who wishes to locate and download child pornography must identify the key associated with a particular child pornography file and then use that key to download the file.

4. Despite offering the advantages of disaggregated downloads of video or image files, the software does not guarantee anonymity, and as such, does not mask a computer's IP address.

5. On September 20, 2021, a computer running this software, with an IP address of 72.218.80.227, requested to download a portion of a video from a law enforcement computer. The keys for this file, among others, were obtained by law enforcement agents and used to identify the video requested by the IP address as child pornography. This video is a 15 minute, 2 second video of a minor female engaged in sexual intercourse with an adult male.

6. Law enforcement agents determined that IP address 72.218.80.227 was controlled by Cox Communications. Cox Communications identified the IP address as assigned to HOPSON's residence in Quinton, Virginia on the date that the IP address was utilized to download the child pornography video—that is, September 20, 2021.

7. On November 29, 2021, law enforcement agents executed a search warrant at HOPSON's residence in Quinton, Virginia. Pursuant to the search warrant, agents seized several electronic devices from the residence; those devices also belonged to HOPSON. One of these devices was a Western Digital My Passport Hard Drive, serial number WX21D57NE0XX.

8. A subsequent forensic examination of the Western Digital My Passport Hard Drive, serial number WX21D57NE0XX, revealed that the same child pornography video referenced in paragraph 6 was created on the Western Digital My Passport Hard drive on September 20, 2021. Agents confirmed that the hash value of the video found on HOPSON's Western Digital My Passport Hard Drive matched the hash value of the video requested from the P2P network on September 20, 2021. The video, as described in paragraph 6, is a 15 minute, 2 second video of a minor female engaged in sexual intercourse with an adult male. HOPSON downloaded this video on September 20, 2021, using the above-described P2P network and software, and the video constitutes child pornography as defined in 18 U.S.C. § 2256.

9. In addition to the video downloaded on September 20, 2021, forensic examination of the Western Digital My Passport Hard Drive, serial number WX21D57NE0XX, revealed over 300 unique image and video files depicting child pornography, as defined in 18 U.S.C. § 2256.

10. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

11. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 2/6/24         By: *Heather Mansfield*
                          Heather Hart Mansfield
                          Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date 6/6/2024
                          Vincent Hopson
                          Defendant

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 2/6/24
                          Noah Weisberg
                          George Gorman
                          Attorney for Vincent Hopson

4