IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:24-CR-005 |
| | ) |
| VINCENT HOPSON, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

The United States of America, by and through its undersigned attorneys, respectfully files this response to the defendant's motion for variance.

**I.    Opposition to the Defendant's Motion for Variance**

The defendant filed a motion for variance based on several grounds. The defendant argues that the 18 U.S.C. § 3553(a) factors support a downward-variant sentence and that the sentencing guidelines significantly overstate the seriousness of the offense. The United States addressed the § 3553(a) factors in its position on sentencing and addresses the specific arguments regarding the sentencing guidelines in this response.

**A.  The Child Pornography Guidelines**

The United States recognizes that a sentencing court may not presume that a sentence within the advisory guidelines range is reasonable; however, the Guidelines remain a significant component in the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). To the extent the Court deems some deviation from the applicable Guidelines range appropriate (whether denominated a

1

"departure" under a Guidelines provision or a "variance"), the Court must give serious consideration to the extent of the deviation and must adequately explain it "to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

The government is aware of the criticism of U.S.S.G. § 2G2.2 that defendant points to in his motion for variance. As this Court knows, although the Sentencing Commission has authored several reports regarding this guideline and its enhancements, Congress has not adopted any of its proposals; nor, has the Sentencing Commission amended the Guidelines to meaningfully reflect these findings. Instead, for more than 30 years, "Congress has legislated against child pornography." *United States v. Morace*, 594 F.3d 340, 350 (4th Cir. 2010). This legislation provides "ample evidence of Congress's intent that offenses involving child pornography be treated severely." *Id*. (quoting *United States v. Goff*, 501 F.3d 250, 258 n. 13 (3d Cir. 2007).

The defendant is correct that the base offense level under § 2G2.2 is higher than for some guidelines that involve contact offenses with minors. But the base offense level is also lower than the base offense levels for other offenses involving more serious child exploitation crimes. *Compare* U.S.S.G. § 2G2.2(b) (assigning a base offense level of 22 for offenses involving the trafficking and possession of material involving the sexual exploitation of a minor other than those set forth in U.S.S.G. § 2G2.2(a)) *with* U.S.S.G. § 2G1.3 (assigning base offense levels ranging from 24-34 for offenses involving commercial and prohibited sex acts involving minors); and U.S.S.G. § 2G2.1 (assigning a base offense level of 32 for offenses involving the production of sexually explicit material involving a minor). Therefore, the government submits

that not much weight can be placed on this argument.

The defendant then receives several enhancements to his base offense level based on the specific offense characteristics of his conduct. The defendant argues that this results in a total offense level that significantly overstates the seriousness of his offense. The government disagrees.

Specifically, the defendant points to the 5-level enhancement he received for the number of images possessed and argues that the number of images does not have any impact on the offense in an "international, Internet-based market." Def. Pos. p.8. As the government acknowledged in its Position on Sentencing, the proliferation of child pornography on the internet is vast. But the government disagrees that this guideline attempts to capture the effect the defendant's conduct had on the overall "child pornography market." Instead, this guideline attempts to somehow capture the relative harm caused by the defendant's conduct. As this Court is aware, each image of child pornography depicts one or more minor victims engaged in some form of sexually explicit conduct, as defined in 18 U.S.C. § 2256. Therefore, each image or video possessed by this defendant perpetuates and furthers the harm caused to these victims. It matters to the victims whether a defendant possessed one image or fifteen images of their abuse. As one victim put it in her Victim Impact Statement, "I know there are like hundreds of pictures and videos on several websites. Other people post them, they are probably everywhere by now … It just makes me like freaked out and I know it is never going to stop. It is just going to keep on." PSR, PageID#408. And when the number of videos possessed by the defendant are converted into images under the guidelines, this defendant possessed 7,408 images, a number over twelve times higher than the maximum of 600 accounted for in the guidelines.

The defendant also argues that his offense is not "aggravated", and the guidelines do not

3

accurately account for the nature of the offense. He points out that he possessed the materials solely for "personal viewing" and that he did not pay for the materials. But the guidelines account for at least a portion of this argument. Had the defendant been involved in exchanging or distributing material for pecuniary gain, he would have received further offense level enhancements under the guidelines. *See* U.S.S.G. § 2G2.2(b)(3). Simply put, the guidelines account for the nature and circumstances of this offense.

Lastly, the defendant argues that imposing a guideline sentence would result in sentencing disparities in this case based on the number of sentences under this guideline that fall below the guidelines range. This argument is flawed. Consideration of the need to avoid unwarranted sentencing disparities is accomplished when the district court "carefully review[s] and calculate[s] [the defendant's] guidelines range at the sentencing hearing." *United States v. Sueiro*, 2023 WL 1486311, *6 (4th Cir. Feb. 3, 2023). The requirement of procedural reasonableness does not obligate a trial court to engage in case-by-case comparisons of sentences imposed in cases unconnected to the case before the court." *Id*. This is not what is meant by § 3353(a)(6) and it is not required of district courts. This Court should reject the defendant's invitation to consider such data as such "comparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized." *United States v. Friend*, 2 F.4th 369, 383 (4th Cir. 2021) (citing *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012)).

4

**II. Conclusion**

For the reasons stated above, the United States respectfully opposes the defendant's Motion for Variance.

<pre>
                                        Respectfully Submitted,

                                        JESSICA D. ABER
                                        UNITED STATES ATTORNEY

                        By:              _____/s/_____
                                        Heather Hart Mansfield
                                        Virginia Bar No. 83957
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        919 East Main Street, Suite 1900
                                        Richmond, VA  23219
                                        Phone:  (804) 819-5400
                                        Fax:  (804) 771-2316
                                        Heather.H.Mansfield@usdoj.gov
</pre>